743 F.2d 996
 12 Bankr.Ct.Dec. 297, Bankr. L. Rep. P 70,003
 Samuel HANNA and Theresa Hanna, Administratrix of the Estate
of Samuel Hanna, and Parents and Natural Guardians
of Maureen Hanna, Appellees,
v.
PHILADELPHIA ASBESTOS COMPANY, Philadelphia Asbestos Company
T/A Pacor, Inc. and Pacor.
Appeal of PACOR, INC., Appellant.
 No. 83-1744.
 United States Court of Appeals,
Third Circuit.
 Argued May 25, 1984.
Decided Aug. 27, 1984.
 
 W. Jeffrey Garson (Argued), John H. McCarthy, Michael Halprin, Rawle & Henderson, Philadelphia, Pa., for appellant Pacor, Inc.
 Armin Feldman (Argued), Stanley P. Kops, Avram G. Adler, Adler & Kops, Philadelphia, Pa., for appellees Theresa Hanna and Maureen Hanna.
 Before GARTH and SLOVITER, Circuit Judges and FISHER, District Judge.*
 OPINION OF THE COURT
 GARTH, Circuit Judge.
 
 
 1
 This case presents, in a somewhat different procedural context, the same issues as those in In re Pacor, Inc. v. Higgins, 743 F.2d 984, also decided today. For much the same reasons, therefore, we affirm.
 
 I.
 
 2
 Theresa Hanna, as Administratrix of the Estate of Samuel Hanna, brought a products liability-personal injury action against the Philadelphia Asbestos Co. (trading as "Pacor") in the Pennsylvania Court of Common Pleas in September, 1976, seeking damages due to exposure to asbestos. In December, 1977, Pacor impleaded Johns-Manville Corporation, the alleged manufacturer of the asbestos, as a third party defendant. Manville subsequently filed a chapter 11 reorganization bankruptcy petition on August 26, 1982, and on April 22, 1983.[1] Pacor filed a Petition for Removal in the bankruptcy court for the Eastern District of Pennsylvania, seeking to remove the Hanna-Pacor action, along with the Pacor-Manville third party action, to federal court. At the same time, Pacor moved to transfer venue of the controversy to the Southern District of New York, to be joined with the rest of the Manville bankruptcy administration.
 
 
 3
 Hanna moved to remand her action against Pacor to state court, citing equitable considerations of time and convenience. The bankruptcy court, however, denied the motion, and granted Pacor's motion to transfer venue of the entire Hanna-Pacor-Manville controversy to the Southern District of New York. Hanna then sought review of the bankruptcy court's determination in the district court. After a hearing, the district court found that the equities of the situation weighed in favor of remanding the matter to state court, where it would be tried more expeditiously and conveniently. The district court, evidencing uncertainty as to the exact procedural posture of the case, stated in its opinion:
 
 
 4
 to the extent that this is considered an appeal from the bankruptcy judge's decision, I will reverse that decision. To the extent it is considered to be a review of a termination [sic] by the bankruptcy judge, I will in reviewing it determine that the order should not be entered and in reviewing the application for remand, determine that the remand is proper.
 
 
 5
 Tr. at 51, App. at 112. It therefore ordered the removed Hanna-Pacor action remanded to the Pennsylvania Court of Common Pleas. It is from this order that Pacor appeals.
 
 II.
 A.
 
 6
 Pacor's principal contention is that the district court had no jurisdiction to review the bankruptcy court's order transferring venue to the Southern District of New York. It claims that the transfer order should be construed as an order "denying remand," thus making it unreviewable under 28 U.S.C. Sec. 1478:
 
 
 7
 (a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.
 
 
 8
 (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.
 
 
 9
 (Emphasis added).
 
 
 10
 Alternatively, Pacor contends that the transfer order is the equivalent of a decision to abstain, and thus would be unreviewable pursuant to 28 U.S.C. Sec. 1471(d):
 
 
 11
 (d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.
 
 
 12
 We decline to engage in the tenuous reasoning required to accept Pacor's argument. In enacting the relevant statutory provisions pertinent to the remand issue before us, Congress has evinced a knowledge of the differences among a decision to remand, a decision to abstain, and a decision to transfer venue. Indeed, Congress provided separately for each, by specific statute. In the case of transfer of venue orders, that provision is contained in 28 U.S.C. Sec. 1475:
 
 
 13
 A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.
 
 
 14
 Section 1475 itself contains no prohibition on review unlike section 1471(d) and section 1478(b).[2] Pacor therefore attempts to engraft these other statutory provisions onto section 1475, which on their face do not apply, in order to deprive the district court, and ultimately this court, of jurisdiction. We will not impose such unnatural interpretations onto those statutes.
 
 
 15
 An order transferring venue is, in itself, neither the equivalent of an order denying remand nor of an order abstaining from decision, and we decline to blur that which Congress itself kept apart. This is especially appropriate in this instance, given the rule that a statute should not be interpreted as precluding judicial review absent clear evidence of Congressional intent. See Johnson v. Robison, 415 U.S. 361, 373-74, 94 S.Ct. 1160, 1168-69, 39 L.Ed.2d 389 (1974).
 
 B.
 
 16
 More fundamentally, Pacor's contention that the district court could not review the decision of the bankruptcy court to transfer the Hanna-Pacor action miscomprehends the respective roles of the district court and bankruptcy judges in proceedings related to bankruptcy, especially in the aftermath of Northern Pipeline Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).[3]
 
 
 17
 Northern Pipeline, of course, held that non-Article III judges such as those of the bankruptcy court could not constitutionally exercise the broad jurisdiction conferred by 28 U.S.C. Sec. 1471(b) over matters "related to" bankruptcy. In response, the district courts adopted local emergency rules which provided that district judges would oversee the bankruptcy court in related proceedings, and would itself enter orders and judgments in connection with such proceedings. In essence, the district court became the bankruptcy court for these purposes. This court has upheld the exercise by the district court of bankruptcy jurisdiction. See Gold v. Johns-Manville Corp., 723 F.2d 1068, 1075 (3d Cir.1983); Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 199 (3d Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983).
 
 
 18
 For jurisdictional purposes, therefore, Hanna's "appeal" to the district court was not really an appeal at all, but more in the nature of a review of a recommendation made by the bankruptcy judge. It is the district court, however, which now exercises control over proceedings related to bankruptcy. Thus, even if a transfer order were the equivalent of an order denying remand or an order abstaining, the prohibitions on appellate review of such orders are simply inapplicable, since the district court is not engaging in appellate review. Rather, it is acting in the place of the bankruptcy court, and acts upon motions to remand or abstain as a court of original jurisdiction.
 
 C.
 
 19
 Pacor also cites to the Local Emergency Rules of the Eastern District of Pennsylvania, as support for its jurisdictional arguments. That Rule, enacted in response to Northern Pipeline, provides in part:
 
 
 20
 (c) Reference to Bankruptcy Judges
 
 
 21
 (1) All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.
 
 
 22
 (2) The reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion....
 
 
 23
 (d) Powers of Bankruptcy Judges
 
 
 24
 (3)(A) Related proceedings are those civil proceedings that in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate ....
 
 
 25
 (B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.
 
 
 26
 (e) District Court Review
 
 
 27
 (2)(A) A district judge shall review:
 
 
 28
 (iii) A proposed order or judgment lodged under paragraph (d)(3) whether or not any notice of appeal or application for leave to appeal has been filed.
 
 
 29
 (B) In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review the district judge shall enter an appropriate order or judgment.
 
 
 30
 Pacor argues that the bankruptcy court's transfer of venue order was not a "judgment or dispositive order" within the meaning of section (d)(3)(B) of the Emergency Rule, and therefore the district court had no power to review it. Even if we were to accept this argument which we do not, Pacor miscomprehends the basic character of local court rules. As we noted in Higgins, rules adopted by individual district courts do not and can not affect the jurisdiction of the court. See Higgins, at 987 n. 5; Fed.R.Civ.P. 82 (rules shall not be construed to expand or limit jurisdiction); Fed.R.Civ.P. 83 (local court rules must be consistent with Federal Rules). Indeed, the fact that the Emergency Rule itself allows the district court to withdraw reference of a related case from a bankruptcy judge at any time, indicates that the power of the district court to entertain such cases remains unaffected. The district court thus remains the court of original jurisdiction for related proceedings, regardless of reference to a bankruptcy judge.
 
 
 31
 We therefore conclude that the district court was fully empowered to consider the respective motions brought by Hanna and Pacor, regarding the action between them, and thus the district court was competent to enter its order remanding the Hanna-Pacor action to state court.
 
 III.
 
 32
 We turn now to a review of the substantive question of whether the Hanna-Pacor action was properly remanded to state court.
 
 
 33
 The district court remanded on the equitable ground that the Hanna-Pacor suit could be more efficiently and fairly conducted in the Court of Common Pleas. The district court noted:
 
 
 34
 [I]n considering the equities of this matter, I considered not only the distance in which it goes, but the representation that this case was ready to be tried and presumably was intended to be brought to trial promptly in the state court where it clearly had the right to be tried, if the bankrupt is severed out of the case. I am not suggesting any improper motives, but it does seem to me that the move to remove and then to transfer to New York is primarily a tactical ploy on the part of Pacor, Incorporated.
 
 
 35
 I point out that I am not suggesting there was anything improper about that at all, but it seems to me that inevitably, if it is transferred to New York where there may be many other similar cases and a very involved bankruptcy matter, that the plaintiffs who have a claim for serious personal injuries and presumably a death action and a survival action, based on Pennsylvania law, may be delayed in the trial of the case for a very extensive period of time and, also, as I pointed out in oral argument, I don't see how the transferring from one district to another and then possibly back again here or to state court, can possibly be in the interest of judicial economy. It is that type of juggling of cases and moving them around that causes delay and I think it rightly causes many persons to be discouraged with the whole judicial system.
 
 
 36
 Tr. at 51-52; App. at 112-13.
 
 
 37
 We agree with the district court that the Hanna-Pacor dispute must be remanded. Indeed, we rest our decision on a consideration even more basic than the equities of the situation. See Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n. 1 (3d Cir.1983) (an appellate court may affirm on any ground supported by the record). As we discussed at length in Higgins, an action by a consumer such as Hanna or Higgins against a distributor of asbestos, such as Pacor, is not "related to" the Manville bankruptcy.[4]
 
 
 38
 There is therefore no jurisdiction over the dispute under section 1471(b), and thus there is no other option except to remand the Hanna-Pacor matter.
 
 IV.
 
 39
 Finally, we add a word about our appellate jurisdiction. As is discussed in In re Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir.1984), we have jurisdiction to review remand orders in bankruptcy, at least to the extent that it must be determined whether original jurisdiction exists in a federal court to entertain a related civil proceedings. It is true that, in this case, the district court based its decision to remand on equitable, rather than jurisdictional grounds. On its face, 28 U.S.C. Sec. 1478(b) would appear to bar appellate review of such an order. We note, however, that the very act of considering equitable grounds subsumes within it a predicate finding of jurisdiction, since, without jurisdiction, there is no power to rule on the equities. Although section 1478(b) mandates that we cannot review the latter, we can and must review the implied jurisdictional basis for the district court's order. Having found no jurisdiction, we affirm the remand order rather dismiss the appeal, although the difference may be somewhat academic to Pacor.[5]
 
 V.
 
 40
 Because we find that the Hanna-Pacor action was not "related to" bankruptcy, we affirm the order of the district court which remanded the action to the Pennsylvania Court of Common Pleas.
 
 
 
 *
 Honorable Clarkson S. Fisher, Chief Judge of the United States District Court for the District of New Jersey, sitting by designation
 
 
 [1]
 As in the Higgins case, the petition for removal was apparently timed so that it was filed on the eve of the commencement of trial in the Pennsylvania Court of Common Pleas
 
 
 [2]
 Orders which transfer cases outside the circuit are normally reviewable by mandamus in the court of appeals. E.g., Nascone v. Spudnuts, Inc., 735 F.2d 763 at 765-766 (3d Cir.1984); Solomon v. Continental American Life Ins. Co., 472 F.2d 1043 (3d Cir.1973)
 
 
 [3]
 See generally Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-358 (1984), which, while not applicable to this case, responds to the problem triggered by Northern Pipeline v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). See also In re Pacor, Inc. v. Higgins, 743 F.2d 984 at 987 n. 4 (3d Cir.1984) (discussing the 1984 Bankruptcy Act)
 
 
 [4]
 The only possible distinction between the Higgins and Hanna cases in this regard is that, in Higgins, the third party claim by Pacor against Manville was formally severed from the primary action by Higgins. We do not believe that this difference has any impact upon our analysis. Insofar as the Manville bankruptcy estate is concerned, the action by Hanna will have no effect, whether or not it is severed. The Hanna-Pacor action and the Pacor-Manville action are two separate and distinct claims. Their joinder or severance is merely a matter of procedural convenience, and does not imply any substantive interdependence between the two
 
 
 [5]
 We note that, if we were to find that the Hanna-Pacor action was related to bankruptcy such that original jurisdiction would lie under section 1471(b). Pacor's cause would be advanced but little. At that point, we would be barred from considering the propriety of the order remanding the action to state court, since section 1478(b) precludes review of equitable remands such as that entered by the district court. In such a case, we would undoubtedly be constrained to dismiss the appeal