**In re 666 ASSOCIATES and Streeterville Utility Co., Inc., Debtors.**

David L. PAUL, Centrust Savings Bank (formerly known as Centrust Savings and Loan Association and Dade Savings and Loan Association), Centrust Trust (formerly known as the Westport Company), David Paul Properties, Inc. and 666 Associates, Plaintiffs,

v.

**CHEMICAL BANK and Abacus Mortgage Investment Company, Defendants.**

Bankruptcy Nos. 84 B 11723 (PBA), 84 B 11724 (PBA).
Adv. No. 85–5582–A.

United States Bankruptcy Court, S.D. New York.

May 31, 1985.

Paul Weiss Rifkind Wharton & Garrison, New York City, for plaintiffs; Robert S. Smith, of counsel.

Cravath, Swaine & Moore, New York City, for Chemical Bank; Robert Mullen, of counsel.

Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, New York City, for Abacus Mort. Inv. Co.; Gerald M. Levine, of counsel.

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO REMAND OR ABSTAIN AND TRANSFERRING PROCEEDING

PRUDENCE B. ABRAM, Bankruptcy Judge:

On December 18, 1984, 666 Associates ("666"), an Illinois limited partnership, filed a Chapter 11 petition in this district. Following a hearing at which numerous creditors requested a change of venue, the bankruptcy court issued an order dated January 25, 1985 in which it transferred the 666 Chapter 11 case, and that of an affiliate, Streeterville Utility Co., Inc. (Case 84 B 11724), to the Northern District of Illinois.[1] 666 is the owner of a real estate development located at 666 North Lake Shore Drive, Chicago, Illinois, formerly known as the Furniture Mart.[2] This development is 666's principal asset. The development is presently encumbered by a first mortgage in an amount in excess of $90,-000,000 running in favor of Abacus Mortgage Investment Company ("Abacus"). Chemical Bank ("Chemical") presently holds all of Abacus' interest in the mortgage.

Shortly prior to the Chapter 11 filing and on December 7, 1984, Chemical brought suit in an Illinois state court to foreclose on its mortgage. Thereafter, on December 17, 1984, which was the day before 666's Chapter 11 filing, Home Savings Bank com-

---

**1.** The parties have styled the caption to include the Chapter 11 case headings even though those cases are no longer pending here. The court has followed the parties' style. The reference is informational only. Removal of a state court action can only be made to the district court in which the state court is located, whether or not that is where the bankruptcy case is located.

**2.** The property is actually owned by American National, as Trustee under Trust No. 51001, of which 666 holds the sole beneficial interest. However, these intricacies are not material to this decision and will be ignored for ease of reference. Inasmuch as the present decision relates only to preliminary procedural motions, the court's factual findings are general and broadly drawn and should not be taken to have any preclusive effect in future litigation.

menced a foreclosure action on its first mortgage in the approximate amount of $11 million on portions of the development, also in the Illinois state court.

On or about February 19, 1985, 666, David L. Paul, Centrust Savings Bank, Centrust Trust, and David Paul Properties, Inc. (collectively the "Plaintiffs") commenced an action against Chemical and Abacus in the Supreme Court of the State of New York, County of New York (the "State Court Action"). The nature of the action is stated to be a civil action alleging fraud, promissory estoppel, tortious interference with business relations, prima facie tort and breach of a joint venture agreement. Damages in the amount of $35,000,-000 are sought. The complaint which contains fifty-five numbered paragraphs and five causes of action, sets forth the Plaintiffs' view that Chemical and Abacus acted wrongfully and contrary to express representations in calling the loan and commencing the foreclosure action on December 7, 1984. A complicated tale is set forth in the complaint about Chemical's motive for calling the loan, which, in brief, is alleged to have been retaliation for the Plaintiffs' refusal to cooperate with Chemical in the Florida banking market.

Chemical, joined by Abacus, removed the State Court Action to this court by verified petition for removal filed March 12, 1985. The removal petition alleges that the claims in the State Court Action are "related to" 666's Chapter 11 case and that this court has jurisdiction pursuant to 28 U.S.C. § 1334(b) (1984). "The action is thus removable to this court pursuant to 28 U.S.C. § 1452 (1984)." Removal Petition at ¶ 4. On April 8, 1985, Chemical filed an answer denying the material allegations of the complaint.

Following removal, Chemical moved for an order pursuant to 28 U.S.C. § 1412, transferring venue of the removed action to the Northern District of Illinois, Eastern

Division, in the interest of justice and for the convenience of the parties. The Plaintiffs countered with a request for an order pursuant to 28 U.S.C. § 1334(c) and 28 U.S.C. § 1452 abstaining from hearing the case and remanding it to the New York State Supreme Court.

There can be little question but that the relations between 666 and Chemical are central to 666's reorganization effort. That being said, however, the court is still left with attempting to find a path through the forest of amendments known as the Bankruptcy Improvements and Federal Judgeship Act of 1984 ("BAFJA") adopted by Congress July 1984 in response to the decision of the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

For the reasons which follow, the court has concluded that it should not issue an order of remand or abstention with respect to the State Court Action and that the Action should be transferred to the Northern District of Illinois, Eastern Division.

## DISCUSSION

As amended, 28 U.S.C. § 1452 provides as follows:

"§ 1452. Removal of claims related to bankruptcy cases [3]

"(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title.

"(b) The court to which such claim or cause of action is removed may remand

---

**3.** The phrase "related to" appears only in the caption of this section. It appears nowhere in the text of the section. One inference that could be drawn is that any claim or cause of action sought to be removed is necessarily a "related

to" matter. The issue assumes importance only with respect to provisions that distinguish "related to" matters from those arising under title 11 or arising in cases under title 11. See, e.g., 28 U.S.C. § 1334(c)(2).

such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise."

The ability to remove the State Court Action, in which 666 is a party plaintiff, is thus dependent on whether the district court has jurisdiction over it under 28 U.S.C. § 1334. See *Hanna v. Philadelphia Asbestos Company*, 743 F.2d 996, 1002 (3d Cir.1984); *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 993 (3d Cir.1984); and *In re Baren*, 47 B.R. 39, 42 (Bankr.N.D.Ill.1984). It plainly does as 28 U.S.C. § 1334(b) provides that the district court has original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11.

Once a case over which the district court has jurisdiction is removed, it can be remanded on "any equitable ground" under 28 U.S.C. § 1452(b).

"Among the types of equitable considerations relevant to a decision to remand are:

"(1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity · considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally, e.g., a court of claims, or the United States Customs Court.

*"In re U.S. Air Duct Corporation,* 8 B.R. 848, 854 (Bankr.N.D.N.Y.1981)." *In re Baren*, 47 B.R. 39 (Bankr.N.D.Ill. 1984).

█ The court finds no equitable ground for remand of the State Court Action. All of the indicia, other than respect for Plaintiffs' choice of forum, favor both retention of the State Court Action and a transfer of venue to the Northern District of Illinois

where 666's Chapter 11 case is pending. The State Court Action had just been commenced at the time of removal. There is pending in the 666 Chapter 11 case a motion by Chemical to vacate the automatic stay to permit the Illinois foreclosure action to go forward. If the bankruptcy court declines to lift the stay, proceedings over the validity and enforceability of Chemical's mortgage would no doubt go forward in the bankruptcy court. Proceedings are likely to be multiplied if the State Court Action is remanded and the possibility of inconsistent results enhanced.

The Illinois bankruptcy court could be hampered in protecting the rights of creditors and the debtor in an orderly and timely Chapter 11 reorganization by a remand. It seems unlikely that a reorganization plan could be proposed until either the validity and enforceability of the Chemical mortgage is determined through litigation or a settlement of some sort reached. Should a trustee be appointed, either in the Chapter 11, or any subsequent Chapter 7 case, conduct of the State Court Action would be inconvenient and more expensive due to the necessity of having out-of-state counsel.

The State Court Action raises substantial matters of defense to the foreclosure. The State Court Action is likely to be governed, at least in part if not in whole, by Illinois law, and concerns an Illinois real estate development. There are minimal New York interests in the State Court Action. Whether or not a New York court would dismiss the State Court Action on *forum non conveniens*, it seems clear that the Illinois courts, including the bankruptcy court, have a greater interest because of the location of the real property in Illinois. Indeed, the only New York party to the Action is Chemical, and Chemical has both removed the Action and sought its transfer to the Northern District of Illinois.

Plaintiffs have urged that 28 U.S.C. § 1334(c)(2) mandates that the court abstain because the State Court Action is governed by state law, whether Illinois',

New York's or some other state's,[4] and not by the Bankruptcy Code. Section 1334(c) provides as follows:

"(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

"(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy."

A difficult statutory construction problem is posed relative to removed actions by the presence of § 1334(c) (2). This section is new with BAFJA. It is frequently referred to as a mandatory abstention provision. However, its actual terms are not, in fact, mandatory. For example, a "timely motion" is required to invoke the section. The court must find that an action "can be timely adjudicated, in a State forum of appropriate jurisdiction." Any decision to abstain is not reviewable by appeal or otherwise.

■ The language of § 1334(c)(2) reflects that the mechanics are premised on the existence of two proceedings: one in the bankruptcy court and a second one in the state court. Indeed if there were only one proceeding, and the court abstained

with respect to it, nothing would go forward. In a removed action, there is perforce only one proceeding once removal has been made. This court concludes that § 1334(c)(2) is not applicable to a removed action. If Congress had intended that in considering whether to remand a removed action, the court should look to § 1334(c)(2) it would have been a simple matter to insert the appropriate cross-reference in § 1452(b), just as a cross-reference to § 1334 was added in § 1452(a). The absence of such a cross-reference is striking since removed actions would principally be state court actions and presumably be based on state law.

■ This court finds no anomaly in declining to apply § 1334(c)(2) to removed actions for several reasons. Section 1334(c)(1) which permits, but does not "mandate," abstention in the interest of justice or comity with State courts or respect for state law is applicable. Removed cases would generally fall into three categories: those pending on the date the petition was filed and removed by the debtor, those commenced by the debtor in possession after the petition was filed and removed by the defendant; and those commenced by a third party relating to post-filing conduct of the debtor in possession or trustee. As to the first category, the automatic stay is of significance as in most instances the debtor is the defendant, not the plaintiff, in pre-petition litigation. Except for personal injury tort or wrongful death claims, the bankruptcy court is generally the appropriate forum to liquidate the amount and allowability of a claim. See 28 U.S.C. § 157(b)(2)(B) and (4). As to the second category, the non-debtor who removes from the state court can be presumed to have waived any right to insist on the state court. As to the final category, 28 U.S.C. § 959 permits state court actions against the debtor in possession for acts or transactions in carrying on the business, subject to the bankruptcy court's general

---

**4.** It is assumed that the various instruments creating the mortgage now held by Chemical have a choice of law provision. However, those documents have not been submitted to the court on the present motions.

equity power. The provisions of § 1334(c)(1) and 28 U.S.C. § 959(a), coupled with the general agreement that equitable grounds for remand under § 1452(b) could include matters such as the status and nature of the action, are sufficient to ensure appropriate allocation of cases to the state courts without the necessity for "mandatory" abstention. Section 1334(c)(2) is, thus, applicable only to cases commenced originally in the bankruptcy court.

In this case, the removed action was commenced by a debtor in possession in a state court. Everything in the two years after *Marathon* was decided and before the adoption of BAFJA indicates solicitude for the non-debtor party's desire not to be dragged into the bankruptcy court by the debtor in possession on state law claims. Section 1334(c)(2) provides a mechanism by which the court can allow such state law matters to be heard in the state courts. Here it is the *debtor* plaintiff who is insisting on its right to elect the state court forum over the objection of the non-debtor defendants.[5] As it is the debtor who has invoked the provisions of the Bankruptcy Code by filing a petition and thereby obtained its benefits, no particular policy reason favors permitting the debtor to insist upon escaping from the watchful eye of the bankruptcy court in the conduct of litigation for the benefit of the estate.

Finally, it must be remembered that the solution to the constitutional problem created by the *Marathon* decision is not found in § 1334(c)(1) or (2).[6] Rather it is found in 28 U.S.C. § 157. *Compare In re Environmental Research & Development, Inc. (Trustee v. Resource Dynamics, Inc., et al.)*, 46 B.R. 774 (D.C.S.D.N.Y.1985). If a court declines to remand under § 1452(b) or to abstain under § 1334(c)(1) or (2), then the court's conduct of the litigation is governed by the procedures set forth in 28 U.S.C. § 157 for determination of core and non-core proceedings.

Plaintiffs and Chemical have argued vigorously over whether or not the State Court Action is a core or non-core proceeding. *Compare In re Lion Capital Group (Trustee v. A–Z Associates)*, 46 B.R. 850 (Bankr.S.D.N.Y.1985). It is unnecessary for this court to determine that issue in view of its holding that § 1334(c)(2) is not applicable. Since this court will conduct no further proceedings in the matter as venue is being transferred it is unnecessary for this court to reach the issue for any other purpose.

The venue provision is contained in 28 U.S.C. § 1412. It provides that a case or proceeding may be transferred "in the interest of justice or for the convenience of the parties." For the reasons set forth above, the interests of justice will be served by a transfer to the District of Illinois, Eastern Division where the 666 Chapter 11 case is pending. See *In re Butcher*, 46 B.R. 109 (Bankr.N.D.Ga.1985). The convenience of the parties would also appear to be served, but if not the only party located in New York has requested the transfer.

Settle appropriate order.

---

5. The non-debtor Plaintiffs assert that they have a right to a state court forum. That right still remains to them as they can always delete 666 as a party. However, it does appear that 666 is the prime plaintiff. In an appropriate case in which a debtor in possession is merely a minor player a court could exercise its discretion to remand.

6. Section 1334(c) is not a limitation on the court's subject matter jurisdiction as subject matter jurisdiction cannot be waived and may be raised at any time by the court *sua sponte* on by the parties. But see *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 470–71 (D.C.N.D.Ill.1985). See generally 5 Wright and Miller, Federal Practice and Procedure, Civil, § 1350.