In re Russell C. HUGHES, Debtor.

Darlene MALONE, et al., Plaintiffs,

v.

Russell HUGHES, et al., Defendants.

Bankruptcy No. 86–00331.
Adv. No. 88–0046.

United States Bankruptcy Court,
District of Columbia.

Nov. 18, 1988.

William P. Lightfoot, Koonz, McKenney & Johnson, P.C., Washington, D.C., for plaintiffs.

Susan C. Bergemann, Asst. Corp. Counsel, Washington, D.C., for District of Columbia.

Gwendolyn B. Crockett, Forestville, Md., for Russell and Marie Hughes.

## MEMORANDUM OF DECISION

(Motion for Remand of Removed Cause of Action)

PAUL MANNES, Bankruptcy Judge, Sitting by Designation.

This matter comes before the court upon the application for removal filed August 17, 1988, of a case commenced on April 21, 1988, in the Superior Court for the District of Columbia, Civil Division, captioned *Darlene Malone, Individually and as mother and next friend to Linda Green, a minor, and as mother and Personal Representative of William Malone, Donnell Malone, and Joanna Malone v. Russell Hughes, Marie Hughes and The District of Columbia.* The complaint alleges causes of action for negligence, wrongful death, and survival stemming from a fire in a row house owned by Russell and Marie Hughes.[1] Plaintiffs request a jury trial. One defendant, Russell C. Hughes, is the debtor in possession in bankruptcy case No. 86–00331 filed on May 6, 1986. The matter came before the Honorable Frederick H. Weisberg, Associate Judge of the Superior Court of the District of Columbia, for a scheduling conference on July 14, 1988. The case was designated as a "Civil–

1" case and has been duly scheduled for timely adjudication in that court.

The authority for filing such an action against a debtor in possession, such as Russell C. Hughes, is found in 28 U.S.C. § 959(a):

§ 959. *Trustees and receivers suable; management; State laws*

(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

The statutory basis underlying the application for removal is 28 U.S.C. § 1452:

§ 1452. *Removal of claims related to bankruptcy cases*

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand

---

1. The gravamen of plaintiffs' complaint is that the combined actions of the defendants resulted in the deaths by fire on March 31, 1988, of William Malone, age 5; Donnell Malone, age 4; and Joanna Malone, age 2. The complaint is in six counts alleging two counts of negligence and single counts of negligence per se, wrongful death, and survival. Additionally, the complaint seeks punitive damages against the debtor. In short, the complaint claims that the debtor is, in the vernacular, a "slum lord" and that the District of Columbia bungled the enforcement of its housing code.

The facts gleaned from the pleadings suggest that 22 people lived in six rooms in the premises, which contained two bathrooms and one kitchen. The license authorizing operation of a rooming house, which had expired February 1,

1988, permitted an occupancy of 12 people. Nonetheless, the District of Columbia referred the plaintiffs to debtor's premises and paid the rent deposit. On two prior occasions, fires had occurred at the premises. On 14 occasions, the District of Columbia had cited debtor's premises with numerous housing code violations, including no gas, hot water, or electricity; broken toilets; overcrowding; unsanitary conditions; and holes in ceilings, walls, and floors. On February 26, 1988, the District inspected the premises and found 32 housing code violations, including lack of smoke detectors. After unsuccessfully attempting to serve debtor with notice of the violations, the premises was posted on March 29, 1988. A reinspection scheduled for March 30, 1988, one day before the fire broke out, never occurred.

such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

The appropriate venue provision is 28 U.S.C. § 1409(e):

§ 1409. *Venue of proceedings arising under title 11 or arising in or related to cases under title 11*

(e) A proceeding arising under title 11 or arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending.

After being served with process in the adversary proceeding,[2] debtor filed an application for removal on August 17, 1988. Debtor's answer and counterclaim was filed on August 19, 1988.[3]

The application for removal was timely filed in the Clerk's office of the United States Bankruptcy Court for the District of Columbia according to Bankruptcy Rule 9027(a)(3):

Rule 9027. *Removal*

(a) *Application*

(3) *Time for Filing; Civil Action Initiated After Commencement of the Case Under the Code.*

If a case under the Code is pending when a claim or cause of action is asserted in

---

2. The parties disagree over whether service of process was made on July 21 or 23, 1988; the date makes no difference.

3. In denying that the lack of smoke detectors was the factual and legal cause of the deaths, the Hugheses state, "Plaintiff Darlene Malone had no difficulty removing herself to a position of safety under the guise of seeking help while abandoning her small children to perish in the fire. The fire started in and was confined to her room."

In Count I of their counterclaim alleging negligent destruction of life and property, the Hugheses state, "At the time of the fire, Counter Defendant Darlene Malone negligently abandoned the children by removing herself to a position of safety and leaving them to either be rescued by other occupants of the premises or to perish: they perished."

Count III of the counterclaim alleges intentional destruction of life and property wherein the Hugheses state:

17. At the time of the fire and prior to the children's demise, Counter Defendant Darlene Malone managed a miraculous escape from the burning room *without* her children under the pretext to summons help only to mysteriously disappear while efforts were being made to rescue the children.

18. But for the intentional acts or omissions of Counter Defendant Darlene Malone, the door of her room wherein the children were trapped and screaming, would not have been wedged preventing the entrance of rescuers to save the three children who perished as they saved the sole surviving child.

19. But for the intentional acts or omissions of Counter Defendant Darlene Malone, she would have taken one or more of her children with her when she left the 8' × 12' room after the fire started in her room, or all of the children would have been easily pulled to safety minutes after the fire ensued as was the sole surviving child.

20. Counter Defendant intentionally abandoned her minor children under the pretext of seeking assistance to remove them from the burning room.

21. Counter Defendant either set fire to the premise or otherwise knows the origin of the fire.

With some temerity, the Hugheses seek punitive damages against the plaintiffs, alleging,

25. The fatal injuries suffered by said minor children and property damage were a direct result of conduct on the part of Counter Defendant Darlene Malone which was intentional or so reckless, willful and wanton in nature as to rise to the level of intentional action, exhibiting reckless indifference to the safety and well-being of her minor children and the protection and preservation of the leased premises and reckless disregard for the consequences the Counter Defendant Darlene Malone knew or with the exercise of reasonable care should have known would result from her actions.

26. The purposes of punitive damages is to punish Counter Darlene Malone for her outrageous conduct and blatant disregard for the health, safety and welfare of her small children, and the care and preservation of the leased premises.

The pleading speaks for itself and needs no judicial gloss.

another court, an application for removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

The general reference to the Bankruptcy Judge for the District of Columbia under 28 U.S.C. § 157(a) is effected by Local Rule 601. The matter is before the undersigned, Bankruptcy Judge for the District of Maryland serving by designation pursuant to 28 U.S.C. § 155(a).

### THE PRESENT MOTION

By counsel, Darlene Malone, individually, as next of friend of her daughter, Linda Green, and as personal representative of the three children who perished in a fire on March 31, 1988, seeks remand of this civil action to the Superior Court for the District of Columbia. While this demand appears in the opposition to the application for removal, the court finds that the action of plaintiffs amounts to a timely motion as contemplated in 28 U.S.C. § 1334(c)(1), (2). The pleading is treated by the undersigned as a motion for remand under Bankruptcy Rule 9027(e).

### DECISION

■ Plaintiffs urge that this adversary proceeding is not related to the bankruptcy case and, therefore, this court lacks jurisdiction under 28 U.S.C. § 1334(b). Plaintiffs cite *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984) as authority for this proposition. The question as stated in *Pacor* is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bank-

ruptcy." *Id.* at 994. The complaint seeks some $9 million in damages against the debtor. Beyond dispute, even a fractional award of the sum sought, or merely the cost to defend such an action, would substantially impact this bankruptcy estate and the possibility of proposing a successful Chapter 11 plan by debtor in possession. The confirmation of a Chapter 11 plan would discharge any debt arising prior to the date of confirmation, including administrative claims. 11 U.S.C. §§ 1141(d)(1)(A); 5 *Collier on Bankruptcy*, ¶ 1141.01[4] (15th ed. 1988).[4] Conceivably, the Malone claims could be estimated and thereafter discharged through a confirmed plan of reorganization.

■ This dispute is not a core proceeding as described in 28 U.S.C. § 157. Personal injury tort or wrongful death claims are excluded from the catalog of core proceedings by 28 U.S.C. § 157(b)(2)(B) and (O):

§ 157. *Procedures*

(b)(2) Core proceedings include, but are not limited to—

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

The procedural rules for handling bankruptcy case-related personal injury torts or

---

4. In their supporting Memorandum at 2–3, plaintiffs state:

"This postpetition claim does not fall within any of the exceptions under 11 USC §§ 502(f), (g), or (i) that allow certain postpetition claims to be filed under § 501 of the Bankruptcy Code, thus, this claim is not amenable to administration or discharge under a Chap-

ter 13 plan. In other words, since this postpetition claim is not allowed into the Chapter 13 plan it cannot have any effect on the estate administered in bankruptcy and, therefore, is not a case 'related' to applicant's bankruptcy case."

These statements have no application to the instant case, a case under Chapter 11.

wrongful death claims appear in 28 U.S.C. § 157(b)(5):

(b)(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

However, 28 U.S.C. § 157(b)(4) makes mandatory abstention inapplicable to this action:

(b)(4) Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

■ Thus under either alternative provided in § 157(b)(5), the appropriate forum is the United States District Court for the District of Columbia by reason of being the district court where the bankruptcy case is pending or by being the district court in the district where the claim arose. However, this does not exclude this court considering discretionary abstention [5] provided under 28 U.S.C. § 1334(c)(1):

§ 1334. *Bankruptcy cases and proceedings*

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

■ The facts of the case compel this court to exercise discretion and abstain from hearing this wrongful death and personal injury tort case. The claim by individual residents of the District of Columbia against the debtor and his wife, both residents of the District of Columbia, and the District of Columbia is an action that could not have been commenced in a court of the United States absent the general grant of bankruptcy jurisdiction by 28 U.S.C. § 1334. There is nothing of a bankruptcy nature in the civil action of *Malone v. Hughes*. Retaining this case for trial in the bankruptcy court before a bankruptcy judge and a jury serves no purpose when this issue can be promptly tried before a court primarily concerned with trying similar cases.[6]

Recognition of the wide latitude granted district courts in referring cases through abstention to other courts appears in *In re White Motor Credit*, 761 F.2d 270, 271, 273–74 (6th Cir.1985) ("When read in isolation, section 157(b)(5) seems to support the debtor's contention that the tort claims may not be liquidated in other courts, as the District Court has ordered; but a reading of the entire law in light of its purpose and history leads to the opposite conclusion"). *Contra 1 Collier on Bankruptcy*, ¶ 3.01[3][c] (15th ed. 1988).

The omission of discretionary abstention provided in 28 U.S.C. § 1334(c)(1) from the express limitation of 28 U.S.C. § 157(b)(4) leads to the logical conclusion similarly reached in *White Motor Credit* that power remains in the United States District Court for the District of Columbia to abstain and have these claims liquidated in the Superior Court of the District of Columbia.

Therefore, the undersigned recommends that the within wrongful death and personal injury tort action be remanded to the Superior Court for the District of Columbia for trial.

---

5. Authority exists for the proposition that § 1334(c)(2) mandatory abstention has no application to cases filed under 28 U.S.C. § 959 and thereafter removed. *In re 666 Associates (Paul v. Chemical Bank)*, 57 B.R. 8, 12–13 (B.C.S.D.N.Y.1985).

6. Debtor has not suggested that the automatic stay of 11 U.S.C. § 362(a) has any application to this case. *Cf. In re M. Frenville Co.*, 744 F.2d 332, 334–35 (3d Cir.1984) *cert. denied* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). In any event, the stay does not apply to debtor's counterclaim. *Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3d Cir.1982).