**In re Richard Wayne ROBERTSON, d/b/a Wayne's Marine Sales and Service, Debtor.**

**The Farmers National Bank of Opelika, Alabama, Farmers National Bancshares, Inc., F. Alton Garrett, and Troy Godwin, Appellants,**

v.

**Richard Wayne Robertson, d/b/a Wayne's Marine Sales and Service, Appellee.**

**No. Civ.A. 00–A–1629–E.**

United States District Court, M.D. Alabama, Eastern Division.

April 12, 2001.

Davis B. Whittelsey, Whittelsey & Whittelsey, P.C., Opelika, AL, Deborah G. Knight, Opelika, AL, for Richard Wayne Robertson, debtor.

James Ernest Bridges, III, John V. Denson, II, Samford, Denson, Horsley, Pettey & Bridges, Opelika, AL, for appellants.

Davis B. Whittelsey, Whittelsey & Whittelsey, P.C., Opelika, AL, Deborah G. Knight, Opelika, AL, for appellee.

Cecil M. Tipton, Jr., Opelika, AL, trustee, pro se.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This case is before the court on an appeal filed by Farmers National Bank of Opelika, Alabama ("Farmers"), Farmer National Bancshares, Inc. ("Bancshares"), F. Alton Garrett ("Garrett"), and Troy A. Godwin ("Godwin") (collectively "Appellants") which challenges the validity of a decision rendered by the United States Bankruptcy Court for the Middle District of Alabama in Case No. 00–2607–WRS. On September 5, 2000, the bankruptcy court issued an order remanding the present case to the Circuit Court for Lee County, Alabama. This appeal is brought pursuant to 28 U.S.C. § 158(a). For the reasons stated below, the court finds that the bankruptcy court's order is due to be AFFIRMED.

## II. *BACKGROUND*

Richard Wayne Robertson ("Appellee"), a debtor of Appellants, was at all times relevant to this appeal the sole proprietor of Wayne's Marine Sales & Service ("Wayne's Marine"), a "boating and outdoor" store. Appellee has been a customer of Appellants for over ten years. In return for numerous substantial loans made to Appellee, Farmers retained mortgages on Appellee's real property and security interests in Appellee's inventory, accounts receivable, general intangibles, chattel paper, equipment, furniture, and fixtures.

In October of 1999, Appellee contacted Deutsche Financial Services Corporation ("Deutsche") in his efforts to find a new source of financing for Wayne's Marine. Deutsche contacted Godwin at Farmers and requested Farmers to subordinate its UCC–1 lien in Appellee's used boats inventory, which Deutsche would be financing. Farmers agreed to enter into a subordination agreement with Deutsche on two conditions. First, Deutsche would be required to wire $150,000 to Farmers to pay down some of Appellee's existing indebtedness to Farmers. Second, Appellee would have to give Farmers an additional $250,000 in mortgages on two parcels of Appellee's land. Farmers required the additional mortgages because of the security interest it was releasing in Appellee's inventory. On October 22, 1999, Appellee signed a "Loan Modification Agreement" prepared by Appellants which included the requirements sought by Farmers. In turn, Farmers subordinated its interest in Appellee's inventory to Deutsche, and Deutsche extended a new line of credit to Appellee.

On or about the 1st day of January, 2000, Appellee executed a promissory note and security agreement to Farmers in the amount of $ 638,205.35. This arrangement had the effect of consolidating several of Appellee's debts into one note. The consolidated note contained a cross-default provision.

The consolidated note matured on March 1, 2000, but Appellee failed to make his scheduled payments. In mid-April, Farmers declared all notes of Appellee to be in default and declared its intent to foreclose on Appellee's real property.

## III. *PROCEDURAL HISTORY*[1]

On April 27, 2000 Appellee filed a complaint in the Circuit Court for Lee County, Alabama naming the Appellants as defendants. Appellee alleges that Appellants fraudulently misrepresented provisions of the Loan Modification Agreement entered into by the parties resulting in substantial monetary damages to Appellee. The state law complaint also alleges deceit, breach of fiduciary duty, breach of contract, negligence, wantonness, and slander of title.

On May 18, 2000, Appellee filed a voluntary Petition in Bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. On May 30, 2000, the Appellants removed the above described civil action from the Circuit Court for Lee County to the United States Bankruptcy Court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 157, 1334, 1441, 1446, 1452 and Bankruptcy Rules 7001 and 9027. Appellee objected to removal of the Lee County suit and filed a motion for abstention and/or remand with the bankruptcy court.

On September 5, 2000, the bankruptcy court granted Appellee's motion, and ordered the case remanded to the Circuit Court for Lee County.

---

1. This section is incorporated from a previous opinion of this court. *See In re Robertson,* 258 B.R. 470, 471–72 (M.D.Ala.2001).

On September 19, 2000, the Appellants filed their Notice of Appeal and a motion to stay the state court proceedings. Subsequently, the bankruptcy court stayed its order of remand pending appeal to this court. On November 9, 2000, the bankruptcy court, upon the motion of several of the Appellee's creditors, converted the Appellee's case to one arising under Chapter 7 (Liquidation) of the Bankruptcy Code.

## IV. *STANDARD OF REVIEW*

 A district court reviews a bankruptcy court's factual findings under the clearly erroneous standard. *In re Thomas,* 883 F.2d 991, 994 (11th Cir.1989). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with the definite and firm conviction that a mistake has been committed." *General Trading, Inc. v. Yale Materials Handling Corp.,* 119 F.3d 1485, 1494 (11th Cir.1997). In contrast, a district court reviews *de novo* a bankruptcy court's conclusions of law. *In re Simmons,* 200 F.3d 738, 741 (11th Cir.2000). Equitable determinations by a bankruptcy court are subject to review under an abuse of discretion standard. *In re General Dev. Corp.,* 84 F.3d 1364, 1367 (11th Cir.1996).

## V. *DISCUSSION*

On appeal, Appellants raise three arguments in opposition to the bankruptcy court's order remanding this case to the Circuit Court for Lee County, Alabama. First, Appellants contend that the bankruptcy court erred in finding that the mandatory abstention statute, 28 U.S.C. § 1334(c)(2), applies to a case removed from state court. Second, Appellants request that this court reverse the bankruptcy court's decision insofar as it holds that the present case is not a "core" proceeding under the bankruptcy laws. Finally, Appellants challenge the bankruptcy court's conclusion that permissive abstention is appropriate in this case. *See* 28 U.S.C.

§ 1334(c)(1). The court will take these arguments up in turn.

### A. *Applicability of Mandatory Abstention to Removed Cases*

The "mandatory abstention" statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a cause under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceedings if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

It is Appellants' position that section 1334(c)(2) only applies to cases **originally** commenced in a United States Bankruptcy Court. Appellants cite *In re 666 Associates,* 57 B.R. 8, 12 (Bkrtcy.S.D.N.Y.1985) in support of the proposition that the mandatory abstention statute does not apply to removed cases.

 This court is, of course, bound by decisions of the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit has specifically declined to follow *In re 666 Associates* as it pertains to this issue. *See Christo v. Padgett,* 223 F.3d 1324, 1331 (11th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1190, 149 L.Ed.2d 106 (2001). As a matter of first impression within this circuit, the *Christo* court held that the mandatory abstention statute does apply to state law claims that have been removed to federal court on the basis of bankruptcy jurisdiction. The circuit court's discussion is as follows:

*... Does Mandatory Abstention Apply to Removed Cases?*

As an initial matter, we address a controversy that has arisen among other courts: whether mandatory abstention under § 1334(c)(2) applies to cases removed under § 1452. Several courts, focusing on § 1334(c)(2)'s requirement that "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction," have concluded that a parallel state court proceeding is a prerequisite of mandatory abstention. Under this interpretation, once a state law action is removed, there no longer remains an action "commenced ... in a State forum." *See, e.g., Southern Marine & Indus. Servs., Inc. v. AK Eng'g, Inc. (In re AK Servs., Inc.)* 159 B.R. 76, 83–84 (Bkrtcy.D.Mass. 1993); *Paul v. Chemical Bank (In re 666 Assocs.),* 57 B.R. 8, 12 (Bkrtcy. S.D.N.Y.1985). The vast majority of courts, however, have concluded to the contrary on the reasoning that the removed state law action has been "commenced" and, upon remand, would remain capable of timely adjudication in state court.... In our view, this latter interpretation better comports with the plain language of § 1334(c)(2) as well as Congress's intent that mandatory abstention strike a balance between the competing interests of bankruptcy and state courts.... We therefore hold that § 1334(c)(2) applies to state law claims

that have been removed to federal court under § 1452(a).

*Id.*

Given the crystal-clear directive of *Christo,* this court has no choice but to reject Appellants' argument.

### B. *Core vs. Non–Core Proceeding*

Appellants next contend that mandatory abstention is improper under the facts of this case because this case is a "core" proceeding.[2] If Appellants are right and this case is a "core" proceeding, then there is no doubt that mandatory abstention is inappropriate. *Dean v. American General Finance Inc.,* 191 B.R. 463, 467 (M.D.Ala. 1996); *In re Weinberg,* 153 B.R. 286, 292 (Bkrtcy.D.S.D.1993); *In re Chapman,* 132 B.R. 153, 157 (Bankr.N.D.Ill.1991).

 Section 1334(b) confers original but not exclusive jurisdiction on federal courts in three circumstances: civil proceedings (1) arising under title 11; (2) arising in cases under title 11; and (3) related to cases under title 11. Disputes which "arise under title 11" or "arise in cases under title 11" are called "core proceedings." *See Cook v. Griffin,* 102 B.R. 875, 876 (N.D.Ga.1989). For a case to be considered a core proceeding, the case must not have been able to exist "but for" bankruptcy. *Hatcher v. Lloyd's of London,* 204 B.R. 227, 231 (M.D.Ala.1997). In other words, core proceedings are those proceedings which would not exist in law in the absence of the Bankruptcy Code. *Dean v. American General Finance Inc.,* 191

---

**2.** Section 1334(c)(2) requires the bankruptcy court to abstain from hearing a state law claim or cause of action if four conditions are met. First, the case, though related to title 11, must not arise under title 11 or arise in a case under title 11. Second, there must not be an independent basis for federal jurisdiction for the claim or cause of action other than the bankruptcy proceeding. Third, the case must have been initiated in a state fo-

rum. Fourth, the case must be capable of being timely adjudicated in state court. On appeal, Appellants only challenge the bankruptcy court's determination as it relates to the first condition. Specifically, Appellants maintain that this case is a core proceeding (i.e., one arising under title 11 or arising in a case under title 11) which falls outside the operation of the mandatory abstention statute.

B.R. 463, 468 (M.D.Ala.1996) (citing *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997 (N.D.Ala.1986)). "If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy *it is not a core proceeding;* it may be related to the bankruptcy because of its potential effect, but under § 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Gower v. Farmers Home Administration,* 899 F.2d 1136, 1140–41 (11th Cir.1990) (emphasis added) (citing *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987)).

The bankruptcy court concluded that the present case is a non-core, "related to" proceeding. In reaching this conclusion, the bankruptcy court emphasized that the state law claims raised by Appellee against Appellants do not involve any substantive bankruptcy rights and could and did exist independently from the bankruptcy case. In short, the bankruptcy court determined that the present case failed the "but for" bankruptcy test.

 This case involves only garden variety state common law tort and contract claims. These claims simply do not arise out of the federal bankruptcy laws. Moreover, this particular cause is antecedent to Appellee's original filing under Chapter 11 of the Bankruptcy Code. "When a debtor's claim involves rights independent of and antecedent to the bankruptcy petition, and is not integral to the restructuring of debtor-creditor rights, then the matter is not a 'core-proceeding.'" *Walker v. Commercial Credit Corp.,* 192 B.R. 260, 267 (M.D.Ala.1996). This court is in agreement with the bankruptcy court's classification of the instant cause of action as a "non-core" proceeding.[3]

## VI. *CONCLUSION*

The bankruptcy court's disposition of this action was appropriate under 28 U.S.C. § 1334(c)(2). The law in this circuit is clear that a case removed from state court pursuant to 28 U.S.C. § 1452 is still subject to the mandatory abstention statute. Additionally, the bankruptcy court rightly concluded that this case is a non-core proceeding. Because all of the elements necessary for mandatory abstention are present in this case, the bankruptcy court's decision is due to be AFFIRMED.[4]

---

**3.** On appeal, Appellants urge this court to read broadly the enumerated examples of "core" proceedings listed in 28 U.S.C. § 157(b)(2) to encompass Appellee's state law claims. Section 157(b)(2) lists the following as "core" proceedings:

 (A) matters concerning the administration of the estates;

 (B) allowance or disallowance of claims against the estate;

 (H) proceedings to determine, avoid, or recover fraudulent conveyances;

 (K) determinations of the validity, extent, and priority of liens;

 (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship ...

 *Id.*

This court declines Appellants' invitation. The fact that Appellee's state law claims could certainly have a significant impact on one or all of these potential proceedings does not transform this case into a "core" proceeding under section 157(b)(1). *See In re Nanodata Computer Corp.,* 52 B.R. 334, 341 (Bankr. W.D.N.Y.1985), *aff'd,* 74 B.R. 766 (W.D.N.Y. 1987) ("[I]f a given proceeding is non-core in that it does not arise under or arise in a case under title 11 and, hence, is only 'related,' it does not become 'core' simply because it is technically or arguably within a given [section 157](b)(2) description.").

**4.** The court need not consider Appellants' arguments relating to permissive abstention under 28 U.S.C. § 1334(c)(1) since it has concluded that mandatory abstention is proper.