**In the Matter of MICRO MART, INC., Debtor.**

**BLEICHNER BONTA MARTINEZ & BROWN, INC., Plaintiff,**

v.

**NATIONAL BANK OF GEORGIA, Defendant.**

**Bankruptcy No. A86–02535–ADK. Adv. No. 86–0907A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 12, 1987.

Peter S. Wynkoop, Lee, Lynch & Lamb, Atlanta, Ga., for plaintiff.

Richard G. Murphy, Southerland, Asbill & Brennan, Atlanta, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

Plaintiff commenced the instant action in the State Court of Fulton County, Georgia alleging that Defendant, as the depository bank, failed to meet the "midnight deadline" set forth in O.C.G.A. § 11–4–301. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1452(a). It is now before the Court on Plaintiff's Motion for Remand and Mandatory Abstention and Defendant's Motion for Leave to File Third-Party Complaint.

Plaintiff moves that this adversary complaint be remanded to the State Court of Fulton County pursuant to 28 U.S.C. § 1452(b) which provides that

The Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

In the case of *Browning v. Navarro*, 743 F.2d 1069 (5th Cir.1984), the Fifth Circuit Court of Appeals noted that equitable grounds include:

1. forum non conveniens;
2. a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court;
3. a holding that a state court is better able to respond to questions involving state law;
4. expertise of the particular court;
5. duplicative and uneconomic effort of judicial resources in two forums;
6. prejudice to the involuntarily removed parties;
7. comity considerations; and
8. a lessened possibility of an inconsistent result.

743 F.2d at 1076 n. 21. Of course, this list is not exhaustive.

Plaintiff has also requested that this Court abstain pursuant to 28 U.S.C. § 1334(c). Section 1334(c) provides that

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

The Court concurs with the holding in *Paul v. Chemical Bank (In re Associates)*, 57 B.R. 8 (Bankr.S.D.N.Y.1985) in which § 1334(c) was found to be inapplicable to removed cases. However, the policy embodied in § 1334(c) is instructive of Congress' intentions regarding the jurisdiction of this Court. As one court has stated, "the congressional mandate of abstention in certain 'related to' cases enhances the importance of comity as an equitable ground for remand." *Thomasson v. Am-*

*south Bank*, 59 B.R. 997, 1002 (N.D.Ala. 1986).

 In the instant proceeding, the action removed from the State Court is only remotely related to the bankruptcy case of Micro Mart, Inc. It is a cause of action by a payee against a depository bank for allegedly violating a provision of the Georgia Code, O.C.G.A. § 11–4–301. The only connection of this action to the Micro Mart, Inc. bankruptcy case is that 1) it involves a check written by Micro Mart, Inc. prior to bankruptcy and 2) there is a possibility that the bank may assert a claim against the estate for any amount recovered by the Plaintiff in this action.

This action could not have been commenced in a federal court absent the pendency of the Micro Mart, Inc. bankruptcy case in this Court. The action can be "timely" adjudicated in the State Court of Fulton County. Defendant has made no showing that the outcome of this dispute will have a significant impact upon the administration of the bankruptcy estate. Even if Plaintiff is successful and, in turn, Defendant successfully asserts a claim against the estate, the amount of that claim would be relatively small in comparison to the total amount of the estate's outstanding claims. Although this Court is certainly competent to resolve this dispute according to the laws of Georgia, comity requires that this action be remanded. This Court will not usurp the State Court's jurisdiction where the action removed is so remotely related to the bankruptcy case.

Therefore, the Court will grant Plaintiff's Motion to Remand. The Court, however, is unable to grant Plaintiff's request for mandatory abstention in that § 1334(c) is inapplicable to removed cases. In accordance with the reasoning of *General Instrument Corp. v. Fin. and Bus. Serv., Inc., (In re Finley)*, 62 B.R. 361 (Bankr.N.D.Ga.1986), the Court will enter a final dispositive order.

Furthermore, because the Court will remand this action, there is no reason to allow the bank to implead the Trustee as a third-party defendant. In any event, the correct procedure would be to assert the estate's liability for any recovery obtained against the Defendant in the form of a Proof of Claim where the Trustee could choose whether or not to object to said claim.

## ORDER

In accordance with the reasoning above, it is the Order of the Court that Plaintiff's Motion for Remand and Mandatory Abstention be, and the same hereby is, GRANTED IN PART.

The instant action is hereby REMANDED to the State Court of Fulton County, Georgia.

It is the further Order of the Court that Defendant's Motion for Leave to File Third-Party Complaint be, and the same hereby is, DENIED.