**WEDGEWOOD REALTY, INC., a Florida corporation, et al., Plaintiffs,**

v.

**Frank DINARDO, Sr., et al., Defendants.**

No. 88–1861–CIV–T–15A.
Bankruptcy No. 87–6491–8P7.
Adv. No. 89–211.

United States District Court, M.D. Florida, Tampa Division.

Sept. 18, 1989.

See also, Bkrtcy., 106 B.R. 275.

Malka Isaak, Tampa, Fla., for plaintiffs, Sharon Lewis, Wedgewood Realty, Inc.

Erik Abrahamson, Joseph R. Park, Clearwater, Fla., for plaintiffs.

Dov Sussman, Leo Meirose, Jr., Tampa, Fla., for defendants.

## ORDER

CASTAGNA, District Judge.

This matter is before the Court following the report and recommendation of the Bankruptcy Court recommending that the case be remanded to the state Circuit Court.

This case had been transferred to Bankruptcy Court so that it could be considered by the Bankruptcy Judge along with other matters pending in the related bankruptcy cases. Upon a review of the Bankruptcy Court's report and recommendation, as well as this Court's independent review of the file, it is

ORDERED:

This case is remanded to the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION PURSUANT TO BANKRUPTCY RULE 9027

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with due notice to all parties of interest for a pre-trial conference and also to consider all pending motions, including a Motion to Remand this adversary proceeding filed by the above-named Plaintiffs. The Court considered the record and based on the following, now finds and concludes as follows:

In June 1987, Wedgewood Realty, Inc. (Wedgewood), Sharon Lewis Riley (Ms. Riley) and William Riley, Jr. (Debtor), filed a suit against Frank Dinardo, Sr. (Dinardo), William Williger, Jr. (Williger), and David Pelusio (Pelusio), Plaintiffs in the Circuit Court for Pinellas County, Florida. In this civil action, Civil No. 87–9164–21, the Plaintiffs sought recovery of $67,500 based on a promissory note executed by Dinardo, Sr., Williger, Jr., and Pelusio in favor of the Plaintiffs. In due course, the Defendants filed an Answer and in addition to asserting certain affirmative defenses, also filed a counterclaim in two counts against the Plaintiffs. In Count I they sought general damages based on a breach of contract and in Count II sought a recovery of $2,000 based on the promissory note. The Circuit Court, after the pre-trial conference, scheduled the matter for trial, without a jury, to commence on December 1, 1988, at 1:30 p.m.

On December 1, 1987, Riley, Jr., one of the Plaintiffs who filed the suit in the Circuit Court, filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. As the result, the Circuit Court promptly cancelled the trial on the assumption that the automatic stay prohibited any further proceedings by the Circuit Court. In due course, Mr. John D. Menkel was appointed as Interim Trustee by the office of the United States Trustee for his estate and later on succeeded himself and became the permanent trustee. On March 15, 1989, Mr. Menkel resigned and was

replaced by Terry Smith, who is currently the Trustee for the estate of Riley, Jr. On December 1, 1988, the Defendants filed with the United States District Court a "Verified Petition for Removal". On December 15, 1988, the Plaintiffs filed in the District Court a Motion to Remand. On the same date, the Plaintiffs, having been informed of this fact, also filed a Motion and sought the imposition of sanctions against the Defendants, but in January 1989, they withdrew their Motion for Sanctions without prejudice.

To further complicate the matter, the Plaintiffs also filed a Motion to Remand in this Court even though at that time there was no removed civil suit pending in this Court inasmuch as noted earlier, the state court action was removed to the District Court and not to this Court. For this reason, this Court entered an Order on January 23, 1989, and denied the Motion to Remand. On January 27, 1989, the Plaintiffs (not identified in the Motion which one of the Plaintiffs) filed a Motion in the District Court and sought an Order referring "case" [sic] related to bankruptcy proceeding [sic]. The Defendants also filed a Response to the Motion for Remand and the Plaintiffs' Motion to Refer Case and the Response to the Motion to Impose Sanctions.

On the 27th day of April, 1989, the District Court entered an Order and granted the Motion to Refer "case" and directed that the "case" [sic] (obviously meant to refer to the removed civil suit) to be transferred to the bankruptcy court. Thereafter, this Court entered the routine Order generally used on Applications for Removal, directing the parties to transfer all records of the removed civil action to this Court with the direction to pay the requisite filing fee. On June 14, 1989, the Plaintiffs filed a Renewed Motion to Remand. The Motion was based on the allegation that neither the District Court nor this Court has jurisdiction over the removed "case". In due course, both the Motion to Remand and the Motion to Impose Sanctions were scheduled for hearing at which time the following facts have been established without dispute. Based on these,

according to the Plaintiffs, their Motion to Remand should be granted.

Having considered the same, this Court is satisfied that the Motion to Remand is well taken and should be granted for the following reasons:

The complaint filed by the Plaintiffs is based on pure state law and was already pending at the time of the commencement of this Chapter 7 case. The Plaintiffs, with the exception of the Trustee for the estate of Riley, are non-debtors and the action is against non-debtors. The counterclaim filed by the Defendants is also based on pure state law and is already pending in a non-bankruptcy forum and both the prime claim and the counterclaim can be timely adjudicated in the state court. The civil suit is not a civil proceeding arising under or arising in a Title 11 case. Thus, pursuant to 28 U.S.C. § 1334(c)(1) and (c)(2), it would be properly subject to abstention, inasmuch as it is merely related to a case under Title 11 and could not have been commenced in a court of the United States absent the pendency of this case. In any event, the Defendants failed to comply with the applicable provision of Bankruptcy Rule 9027 and Local Rule 106, not having filed an Application for Removal and not having filed same in the bankruptcy court but rather in the district court.

To the extent the Defendant's counterclaim is against the Debtor, the claim set forth in the counterclaim is nothing more than a claim against his estate which must be presented by filing a proof of claim and not filing lawsuits. Since the ninety days provided by Bankruptcy Rule 3002(c) for filing proofs of claim has expired, this proposition is academic. Moreover, whatever claims the Defendants had against the Debtor, as distinguished by a claim against this estate, has already received a discharge which discharged all the debts, including the alleged debt owed to the Defendants. While it is true that currently there is an adversary proceeding pending in this court to revoke the discharge, this fact would not require a different conclusion.

Based on the foregoing, it is the finding and conclusion of this Court that the adversary proceeding was removed improperly for the reasons stated. Accordingly, it is the recommendation of the undersigned is to enter an order and remand this adversary proceeding to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida from which the civil suit has been removed.