Doshea DEAN; Annie Jenkins; Curtis Smith; Yolanda Smith; Brenda Austin; and Doris Thomas, Plaintiffs,

v.

AMERICAN GENERAL FINANCE, INC.; American General Corporation; Merit Life Insurance Co.; Yosemite Insurance Company; Danny Plunkett; Debbie Shultz; Connie Love; Lisa Harrison; et al., Defendants.

Civil Action No. 95–A–665–N.

United States District Court, M.D. Alabama, Northern Division.

Jan. 23, 1996.

---

Jere L. Beasley, Thomas James Methvin, Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, AL, Darron C. Hendley, Montgomery, AL, Paul W. Brunson, Jr., Clayton, AL, for Doshea Dean, Annie Jenkins, Curtis Smith, Yolanda Smith, Brenda Austin and Doris Thomas.

T. Thomas Cottingham, Robert S.W. Given, Robert H. Rutherford, Richard C. Keller, Burr & Forman, Birmingham, AL, for American General Finance, Inc., Merit Life Ins. Co., Yosemite Ins. Co., Danny Plunkett, Debbie Shultz, Connie Love, Lisa Harrison and Ed Reeves.

T. Thomas Cottingham, David A. Elliott, Robert S.W. Given, Robert H. Rutherford, Richard C. Keller, Burr & Forman, Birmingham, AL, for American General Corporation.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is now before the court on a Motion to Remand, filed by the Plaintiffs on June 19, 1995.

On April 18, 1995, Plaintiffs filed this action in the Circuit Court of Bullock County, Alabama. Named as Defendants in this lawsuit were American General Finance, Inc.

("AGF"); American General Corporation ("AGC"); [1] Merit Life Insurance Co. ("Merit"); Yosemite Insurance Company ("Yosemite"); Danny Plunkett; Debbie Shultz; Connie Love; and Lisa Harrison. Plaintiffs' claims relate to certain loans obtained from AGF, and to credit insurance purchased from Merit in connection with the loans. Specifically, Plaintiffs allege that the Defendants committed fraud by: (i) misrepresenting to Plaintiffs that Plaintiffs must take out new loans rather than take money advances on former loans; (ii) failing to disclose to Plaintiffs that they were paying excessive and unnecessary fees and higher interest rates on the new loans; (iii) fraudulently concealing that credit insurance was already on the loans; (iv) fraudulently stating that insurance was required on the loans; and (v) misrepresenting Defendant's ability to take out a security interest in household goods, as well as actually taking out such a security interest and charging collateral protection interest on those goods.

On May 19, 1995, Defendants removed this case to federal court on the basis that (1) federal law supplied the grounds for the Plaintiffs' claim relating to the alleged security interest in household goods, and (2) Plaintiffs Curtis Smith and Yolanda Smith have currently pending proceedings in the United States Bankruptcy Court for the Middle District of Alabama, and 28 U.S.C. § 1334(b) grants jurisdiction to federal district courts in civil proceedings arising under title 11, or arising in or relating to cases under title 11. Therefore, Defendants asserted that removal was proper under 28 U.S.C. § 1441 and 28 U.S.C. § 1452(a).

On June 19, 1995, Plaintiffs filed a motion to remand, asserting that this court did not have jurisdiction of this matter because (i) all of their claims are based on state law causes of action; and (ii) the fact that two plaintiffs are in Chapter 13 Bankruptcy does not allow the case to be removed. On July 13, 1995, Defendants filed a memorandum in opposition to Plaintiffs' motion to remand.

---

1. Upon consideration of the Joint Stipulation of Dismissal filed by the parties, it was ordered that

AGC be dismissed without prejudice on January 18, 1996.

For the reasons stated below, this court finds that the Motion to Remand is due to be GRANTED.

## II. DISCUSSION

■ Federal courts are courts of limited jurisdiction. *See, Kokkonen v. Guardian Life Ins. Co. of Am,* — U.S. —, —, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, they have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution. *Kokkonen,* — U.S. at —, 114 S.Ct. at 1675. More generally, the law in the Circuit favors remand where federal jurisdiction is not absolutely clear. As stated by the 11th Circuit, in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

### A. Count V is Based on State Law

■ Defendants assert that Count V of the Plaintiffs' complaint is grounded exclusively on federal law because it is based upon the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) ("FTCA"), and the regulations promulgated thereunder, 16 C.F.R. §§ 444.1 and 444.2 [2] (prohibiting non-possessory security interests in household goods other than a purchase money security interest). Therefore, Defendants contend that federal jurisdiction exists because at least a part of the case "arises under" federal law.

The Plaintiffs' allegation states that the "Defendants ... entered into a **scheme to defraud** such Plaintiffs by taking a security interest in their household goods" (Complaint ¶ 59). Plaintiffs contend, presumably under the FTCA,[3] that the Defendants should not have taken security interests in Plaintiffs' household goods (Complaint ¶ 60). Furthermore, Plaintiffs contend that the Defendants charged the Plaintiffs a premium plus interest for collateral protection insurance on the household goods (Complaint ¶ 61–62). Defendants argue that Plaintiffs cannot sue under state law because no state law prohibits the taking of a non-purchase money security interest in household goods. If there is no viable state law theory of recovery for Count V, the Plaintiffs will be unable to win on this count in state court. If Count V makes a claim for fraud or deceit under state law, proving a violation of the FTCA is only one element which Plaintiffs will have to prove. *See* ALA.CODE §§ 6–5–100 through 104 (1993 Replacement Volume).

■ It is well established that the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. *See, e.g., Textile Workers v. Lincoln Mills,* 353 U.S. 448, 460, 77 S.Ct. 912, 919–20, 1 L.Ed.2d 972 (1957). The United States Supreme Court has stated that when Congress does not provide a federal remedy for the violation of a federal statute, it is "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986). Accordingly, the Court in *Merrell Dow* held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the

---

**2.** Defendants' actual citations are to 15 U.S.C. § 46 and 16 C.F.R. §§ 441.1 and 441.2. The court has been unable to discern any applicability of 15 U.S.C. § 46, and 16 C.F.R. §§ 441.1 and 441.2 do not exist. The court has determined that the statute and regulations it has located are the relevant ones.

**3.** Plaintiffs do not specifically allege a violation of the FTCA. Defendants, however, assert that

there is no prohibition of security interests on household goods under state law, and the Plaintiffs have not cited such a state law prohibition. Accordingly, this court will proceed, for purposes of remand, under the assumption that the Plaintiffs are alleging a violation of the FTCA, specifically the prohibition contained in 16 C.F.R. § 444.2(a)(4), made unlawful by 15 U.S.C. § 45(a)(1).

violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow*, 478 U.S. at 817, 106 S.Ct. at 3236–37 (citations omitted).

Congress has not provided a federal remedy for the violation of the FTCA. *Fulton v. Hecht*, 580 F.2d 1243, 1249 n. 2 (5th Cir. 1978)[4] ("[T]here is no private cause of action for violation of the FTC Act."); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir.1981); *American Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir.1992). Additionally, the violation of the FTCA alleged by the Plaintiffs in this case is merely an element of a state law fraud claim. This court agrees with the Plaintiffs that Count V does not state a claim "arising under" the Constitution, laws, or treaties of the United States; therefore, this court does not have jurisdiction on that basis.

**B. Chapter 13 Bankruptcy Plaintiffs**

■ 28 U.S.C. § 1334(a) provides federal courts with original and exclusive jurisdiction over cases under Title 11 (Bankruptcy Code). "Cases under Title 11" refers merely to the original bankruptcy petition. An adversary proceeding is not one of the "cases under title 11" for purposes of § 1334(a). *See Cady v. Sapp*, 1994 WL 329371 (Bankr.S.D.Ga. 1994). This case is not, therefore, a case "under title 11."

■ Section 1334(b) confers original but not exclusive jurisdiction on federal courts in three circumstances: civil proceedings (1) **arising under** title 11; (2) **arising in** cases under title 11; and (3) **related to** cases under title 11. Disputes which "arise under title 11" or "arise in cases under title 11" are called "core proceedings." *See Cook v. Griffin*, 102 B.R. 875, 876 (Bankr.N.D.Ga.1989).[5] Core proceedings are those proceedings which would not exist in law in the absence of

the Bankruptcy Code. *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997 (N.D.Ala. 1986). Although all three circumstances may confer jurisdiction on federal courts, there is an important distinction between core proceedings and proceedings "related to cases under title 11." Section 1334(c)(1) (permissive abstention) **allows** district courts to abstain from hearing proceedings "arising under title 11 or arising in or related to a case under title 11," when abstention is proper in the interest of justice, or in the interest of comity with State courts or respect for state law. Section 1334(c)(2) (mandatory abstention), however, **requires** federal courts to abstain when:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, **related to** a case under title 11 **but not arising under** title 11 **or arising in** a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall** abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1134(c)(2) (emphasis added). It is clear from this language that mandatory abstention only applies to non-core proceedings.

Defendants contend that this court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1334(b) and § 1452(a) because this is a core proceeding, or alternatively, because it "relates to" the Smiths' Chapter 13 bankruptcy. Plaintiffs, on the other hand, contend that this is not a core proceeding, nor is there a sufficient connection between the civil case and the bankruptcy case to find that this proceeding "relates to" the bankruptcy proceeding.

---

4. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

5. The use of the term "core proceeding" has been the source of some confusion. The designation of a proceeding as core or non-core is also

determinative of whether a bankruptcy court may render a final judgment (core) or whether the bankruptcy court's jurisdiction is limited to submitting proposed findings to the district court (non-core). Here, this Court is only using core to designate whether a proceeding "arises under" title 11 or "arises in cases under" title 11 for purposes of assessing jurisdiction under § 1334.

## 1. Core Proceeding

■ On April 5, 1993, plaintiffs Curtis Smith and Yolanda Smith ("Smiths") filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama. In their petition, these plaintiffs listed certain debts, including one in the amount of $5,254.00 owing to AGF. This debt arose out of a loan obtained from AGF on September 21, 1992, which is at issue in this case.

On May 5, 1993, AGF filed a proof of claim in the amount of $5,520.00, which related to the loan which the Smiths obtained on September 21, 1992. The Smiths filed no defense or counterclaim to AGF's proof of claim at that time, nor did they otherwise contest the claim in any way. On May 21, 1993, a United States Bankruptcy Judge confirmed the Smiths' Chapter 13 Plan. On April 18, 1995, the Smiths and other plaintiffs filed this action in Bullock County Circuit Court against AGF and other defendants.

Defendants contend that this civil action is a core proceeding as described by 28 U.S.C. § 157(b)(2)(C) and (O); therefore, this court has subject matter jurisdiction under 28 U.S.C. § 1334(b).[6]

As stated earlier, "core proceedings" are those proceedings which would not exist in law in the absence of the Bankruptcy Code. *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997 (N.D.Ala.1986). "If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under § 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Gower v. Farmers Home Administration,* 899 F.2d 1136, 1140–1141 (11th Cir.1990) (citing *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987)). Stated somewhat differently, for a case to be considered a core proceeding, the case would not exist "but for" bankruptcy. *See In re Nanodata Computer Corp.,* 52 B.R. 334 (Bankr. W.D.N.Y.1985); *Zweygardt v. Colorado Nat'l*

*Bank of Denver,* 52 B.R. 229 (Bankr.D.Colo. 1985).

Due to the obvious difficulty of determining whether a proceeding is core or non-core, the Code provided a "laundry list" of examples of proceedings which should be considered core proceedings. 28 U.S.C. § 157(b)(2). Relevant to this case, § 157(b)(2)(C) provides that a "counterclaim by the estate against persons filing claims against the estate" is to be considered a core proceeding. Additionally, § 157(b)(2)(O) provides a "catch-all" provision which states that core proceedings include "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." In *McCray v. Life of the South Ins. Co.,* No. 95–00056–AP–RRS–13 (Bankr. M.D.Ala.1995), this court faced a situation which was almost identical to the present case. This court referred that case to the bankruptcy court for a report and recommendation. The bankruptcy court recommended that this court remand the removed case. This court adopted the recommendation and remanded the case.

In *McCray,* Dora McCray filed a complaint in the Circuit Court of Barbour County, Alabama against several real and fictitious defendants alleging fraudulent misrepresentation and fraudulent suppression by defendants in their conduct and relationship with McCray in the making of consumer loans. Prior to the filing of the state court action, McCray filed a petition for relief under Chapter 13 of the Bankruptcy Code. In her confirmed Chapter 13 plan, McCray provided for payment in full of all secured claims, and payments of $305 per month for 58 months or until 100% was paid to all undersecured and unsecured creditors. Defendants removed the case to federal court based upon McCray's bankruptcy and Plaintiffs filed a motion to remand.

In its recommendation to remand, the bankruptcy court found that this was not a core proceeding within the meaning of 28

---

6. Defendants also contend that this case may, pursuant to § 157(b), be referred to the Bank-

ruptcy Court.

U.S.C. § 157(b)(2).[7] In reaching this conclusion, the bankruptcy court relied on several factors. First, mere commonality of parties does not render as "core" an otherwise non-bankruptcy matter. *See In re McLaren*, 983 F.2d 56 (6th Cir.1993). Second, McCray's plan provided for full payment of the creditors without pledging any of the proceeds from the civil suit. Both of these factors are also true in the present case.

In *McCray*, the bankruptcy court also addressed the contention that the state claim was in fact a counterclaim under § 157(b)(2)(C). As in this case, only one of several defendants in *McCray* had a claim against the plaintiff/debtor. The bankruptcy court was persuaded that even though the state action against one defendant may be deemed a counterclaim, the action against the remaining defendants was not such a debtor-creditor action or counterclaim because those defendants were not creditors in the bankruptcy. This was sufficient to prevent the state action from falling within the purview of § 157(b)(2)(C). In this case, only the action against AGF could be considered a counterclaim. Accordingly, this action does not fall within § 157(b)(2)(C).

The bankruptcy court also considered whether the state action in *McCray* fell within § 157(b)(2)(O). In considering that issue, the bankruptcy court noted that the scope of this "catch-all" provision was recently limited by the Court of Appeals in *Community Bank of Homestead v. Boone* (*In re Boone*), 52 F.3d 958 (11th Cir.1995). In *Boone*, the court held that even though a tort claim had an effect on the relationship between debtor and creditor, it did not affect the contracts that gave rise to their debtor-creditor relationship. *Boone*, 52 F.3d at 961 n. 2. Similarly in this case, the Smiths and their creditor (AGF) may be affected by some determination in this civil action, but the underlying debtor-creditor contractual relationship will not be modified by these state law fraud claims.

Based on the foregoing, and consistent with the bankruptcy court's recommendations in *McCray*, which this court adopted,

this state law fraud claim is not a "core proceeding" under § 157(b)(2)(C) or (O).

*2. "Related to" Cases Under Title 11*

 Defendants also contend that this Court has jurisdiction under the 28 U.S.C. § 1334(b) "relate to" provision. In order to find jurisdiction under that provision, there must be some nexus between the bankruptcy case and the related action. *Cook v. Chrysler Credit Corp.*, 174 B.R. 321, 327 (M.D.Ala. 1994) (Albritton, J.). Such a nexus may be found when the outcome of the related action **could directly affect** the bankruptcy estate. *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.1990) (emphasis added). An action is said to "relate to" bankruptcy if the outcome could alter the debtors' rights, liabilities, options, freedom of action, or the administration of the bankrupt estate. *Matter of Lemco Gypsum, Inc.*, 910 F.2d at 788. A "controversy, the resolution of which may have only speculative, indirect or incidental effects on the bankruptcy estate, is unrelated to the bankruptcy action and not one over which the bankruptcy court can exercise jurisdiction." *Cook*, 174 B.R. at 327 (citing *In re Inn On the Bay, Ltd.*, 154 B.R. 364 (Bankr.S.D.Fla.1993)).

Again, this court is persuaded by the bankruptcy court's recommendation in *McCray, supra*. With facts almost identical to those in the present case, the bankruptcy court found that the state law fraud action only minimally, if at all, "related to" the underlying bankruptcy action. The Smiths' confirmation plan has already provided for payment in full to all creditors; therefore, the outcome of this state law action would not directly affect the bankruptcy estate, nor would it alter the debtors' rights, liabilities, options, freedom of action, or the administration of the bankrupt estate. Accordingly, the resolution of the state law fraud claims would have only speculative, indirect or incidental effects on the bankruptcy estate; therefore, it is unrelated to the bankruptcy action and not one over which the bankruptcy court can exercise jurisdiction.

---

7. The bankruptcy court also found that it was only minimally, if at all, "related to" the underlying bankruptcy case. This court will consider that separately.

*3. Abstention*

■ Even if this action were a "core proceeding" arising under title 11, this Court is of the opinion that it would be proper to abstain pursuant to 28 U.S.C. § 1334(c)(1) (permissive abstention) which states that:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The action against AGF and the other defendants is grounded in state law. Apart from the Smiths' bankruptcy, this action could not have been brought in federal court. In enacting the jurisdictional provisions of the Bankruptcy Code, Congress intended to grant comprehensive jurisdiction to the bankruptcy courts **to allow for efficient disposition** of all matters connected with the debtor's estate. *In the Matter of Lemco,* 910 F.2d at 786. The interest of efficiency is not served in this case by vesting jurisdiction in the federal courts. The Chapter 13 Plan has already been confirmed and all creditors have been provided a method of payment. Even the trustee of the Smiths' bankruptcy estate has sworn that the estate is not the real party in interest (Affidavit of Curtis C. Reding, Pls.' Ex. F). The interest of comity with state courts and respect for state law are better served by abstention.[8]

Similarly, if this action had only **"related to"** the bankruptcy proceeding, this court would be required to abstain. 28 U.S.C. § 1334(c)(2) (mandatory abstention) states that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, **related to** a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the *district court* **shall** *abstain from* hearing such proceeding if an action is

commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added). If the Plaintiffs satisfy each of the requirements in § 1334(c)(2), abstention by this court from hearing this proceeding is mandatory.

First, the Plaintiffs made a timely motion to remand. Additionally, the claim is based upon state law (fraud), with no federal cause of action, and does not arise under bankruptcy law; therefore, the action could not have been brought in federal court absent jurisdiction under this section. This suit was originally filed in the Circuit Court of Bullock County, which is a State forum of appropriate jurisdiction; therefore, this case can be timely adjudicated in state court. Each of § 1334(c)(2)'s requirements is satisfied. This court's analysis of 11 U.S.C. § 1134(c)(2), in accordance with the general rule in this Circuit favoring remand, persuades the court that abstention by the federal court is appropriate and remand is required for this case.

**C. Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Remand is due to be and is hereby GRANTED. It is hereby ORDERED that this case is REMANDED to the Circuit Court of Bullock County, Alabama. The Clerk is directed to take the necessary steps to effect the remand.

---

8. The bankruptcy court in *McCray, supra,* also found that even if there were federal jurisdiction under these circumstances, abstention would be proper under § 1334(c)(1).