Terry HATCHER and Juanita
Hatcher, Plaintiffs,

v.

LLOYD'S OF LONDON, Salter Insurance
Agency, et al., Defendants.

Civil Action No. 96–A–853–S.

United States District Court,
M.D. Alabama,
Southern Division.

Jan. 2, 1997.

Gregory B. McCain, Byrd, Spencer & McCain, Dothan, AL, for Terry Hatcher, Juanita Hatcher.

James H. Greer, Howell & Greer, Birmingham, AL, for Associates Commercial Corporation.

David M. Leonard, Gregory A. Gunter, Lord, Bissell & Brook, Atlanta, GA, Alan Carpenter Livingston, Lee & McInish, Dothan, AL, for Lloyd's of London.

Wade Hampton Baxley, Ramsey, Baxley, McDougle & Collier, Dothan, AL, for Salter Insurance Agency.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is now before the court on a Motion to Remand, filed by Plaintiffs Terry

Hatcher and Juanita Hatcher ("the Plaintiffs").

The Plaintiffs filed a Complaint against Lloyd's of London, the Salter Insurance Agency and other fictitious defendants ("the Defendants") in the Circuit Court for Houston County, Alabama, in April of 1996. The Complaint contains four state law counts which relate to the Defendants' alleged failure to pay on an insurance policy held by the Plaintiffs. On May 21, 1996, the Defendants filed a Notice of Removal, alleging that jurisdiction was proper in this court because the present action consists of claims which are a part of the Plaintiffs' bankruptcy estate. The Plaintiffs' largest creditor, Associates Commercial Corporation ("Associates") filed a Motion to Intervene in the present action, which this court granted on June 26, 1996.

The Plaintiffs filed a Motion to Remand on June 18, 1996. The Plaintiffs contend that there is no independent basis for jurisdiction over their claims in this court and that the court should abstain from exercising its bankruptcy jurisdiction. The Plaintiffs also have asked that this court award them attorneys fees upon remand.

For the reasons herein discussed, this motion is due to be GRANTED.

## II. *FACTS*

The Plaintiffs claim that they were injured because they believed that they were insured for hauling cattle in their trucking business under an insurance policy which they were issued by the Defendants. The Plaintiffs' tractor rig was damaged when it overturned while the Plaintiffs were hauling live cattle. The Defendants contend that the insurance policy did not cover the hauling of live cattle, but the Plaintiffs assert that information they received from one of the defendants, the Salter Insurance Agency, led them to believe that they were covered. The Plaintiffs, therefore, brought a civil action against the Defendants based on the Defendants' alleged failure to pay on the insurance claim.

On December 15, 1995, prior to the filing of this action, the Plaintiffs filed a petition for relief under Chapter Thirteen of the Bankruptcy Code. The Chapter Thirteen plan ("the Plan") provides for only a thirty percent distribution to the Plaintiffs' unsecured creditors. However, the Plan also provides that if the Plaintiffs recover in the civil case, the percentage in the Plan will be raised. The Plan was confirmed by the Bankruptcy Court for the Middle District of Alabama.

The Plaintiffs' largest creditor, Associates, has filed a proof of claim for $29,368.00. Associates seeks to recover this claim from the proceeds of the insurance policy issued by the Defendants to the Plaintiffs. Consequently, Associates has intervened in the present action.

On June 24, 1996, this court ordered the deposit of $27,082.04 from the Defendants with the registry of the court until the interests of the parties have been resolved.

## III. *STANDARD OF REVIEW*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at ——, 114 S.Ct. at 1675. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## IV. *DISCUSSION*

Because removal is only permissible when the plaintiff's claim could have been filed in federal court originally, in deciding a motion to remand, the court must look to the claim to determine whether removal was appropriate. *Burns*, 31 F.3d at 1095. The Defendants assert that jurisdiction exists in this court because of the bankruptcy proceedings of the Plaintiffs.

Federal courts have original and exclusive jurisdiction over "cases under Title 11" of the Bankruptcy Code under 28 U.S.C. § 1334(a). "Cases under Title 11" refers merely to the original bankruptcy petition. An adversary proceeding is not one of the "cases under Title 11" for purposes of § 1334(a). *See Dean v. American Gen. Fin., Inc.,* 191 B.R. 463, 467 (M.D.Ala.1996). This case is not, therefore, a case "under Title 11."

This court may still have jurisdiction over the instant case, however, because Section 1334(b) confers original, although not exclusive, jurisdiction on federal courts in three circumstances: civil proceedings (1) arising under title 11; (2) arising in cases under title 11; and (3) related to cases under title 11. Disputes which "arise under title 11" or "arise in cases under title 11" are called "core proceedings." *See Dean,* 191 B.R. at 467. Core proceedings are those proceedings which would not exist in law were it not for the Bankruptcy Code. *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997, 999 (N.D.Ala.1986). Although there is a distinction between core and non-core proceedings, either category may confer jurisdiction. *See McCray v. Life of the South Ins. Co. (In re McCray),* No. 95–56–AP–RRS–13, 1995 WL 819000 (Bankr.M.D.Ala. July 18, 1995).

### 1. "Related to" Cases Under Title 11

■ In order to find jurisdiction under the 28 U.S.C. § 1334(b) "relate to" provision, there must be some nexus between the bankruptcy case and the related action. *Cook v. Chrysler Credit Corp.,* 174 B.R. 321, 327 (M.D.Ala.1994). Such a nexus may be found when the outcome of the related action could directly affect the bankruptcy estate. *See Miller v. Kemira (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 788 (11th Cir.1990). The Eleventh Circuit has adopted a test developed by the Third Circuit in which an action is said to "relate to" bankruptcy if the outcome could alter the debtors' rights, liabilities, options, freedom of action, and which in any way impacts upon the handling and ad-

ministration of the bankrupt estate. *Miller,* 910 F.2d at 788.

■ In the instant case, the Defendants argue that because the percentage in the bankruptcy plan may be raised, depending upon the disposition of the Plaintiffs' state law claims, the instant case clearly alters the administration of the bankrupt estate. It has been noted that proceedings related to bankruptcy include causes of action owned by the debtor which become property of the estate. *See Celotex Corp. v. Edwards,* —— U.S. ——, ——, n. 5, 115 S.Ct. 1493, 1498, n. 5, 131 L.Ed.2d 403 (1995). In fact, the Plaintiffs in the instant case have conceded that it is arguable that the removed claims are "related to" the bankruptcy proceeding "inasmuch as any monetary relief which may be obtained in this case by the Hatchers would possibly become property of their bankruptcy estate." Plaintiffs' Brief in Support of Motion to Remand, page 3.

In *Walker v. Commercial Credit Corp.,* 192 B.R. 260 (M.D.Ala.1996), state law claims were brought by several plaintiffs, one of whom had filed for bankruptcy. *Walker,* 192 B.R. at 264. This court determined that because the plaintiffs' possible monetary recovery could affect administration of the estate, the state law claims were related to the bankruptcy case, although the state law claims were not a core proceeding. *Id.* at 266. It has also been held that the potential recovery of insurance funds and award of damages could impact the administration of the bankruptcy estate to the extent that the federal courts would have jurisdiction over the plaintiff's state law claims. *See Nationwide Roofing & Sheet Metal, Inc. v. Cincinnati Ins. Co. (In re Nationwide Roofing & Sheet Metal, Inc.),* 130 B.R. 768 (Bankr. S.D.Ohio 1991). Therefore, in the instant case, this court has jurisdiction over the Plaintiffs' state law claims because those claims are related to the bankruptcy case.

### 2. Core Proceeding

■ The Defendants contend that this court has jurisdiction over this civil action because it is a "core proceeding."[1] For a

---

1. Defendants also contend that pursuant to § 157(b), this case may be referred to the Bankruptcy Court.

case to be considered a core proceeding, the case must not have been able to exist "but for" bankruptcy. *See Dean,* 191 B.R. at 468 (citing *In re Nanodata Computer Corp.,* 52 B.R. 334 (W.D.N.Y.1985); *Zweygardt v. Colorado Nat'l Bank of Denver,* 52 B.R. 229 (D.Colo.1985)).

The United States Code provides courts with some guidance as to what is to be considered a core proceeding, by providing a list of examples of proceedings which should be considered core proceedings. *See* 28 U.S.C. § 157(b)(2). Within this list, § 157(b)(2)(O) provides a "catch-all" provision which states that core proceedings include "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship, except personal injury tort or wrongful death claims."

 The Plaintiffs argue that there is not a sufficient relationship between the instant case and the bankruptcy action because this case is based upon state law claims. However, when a bankruptcy judge is deciding whether a case is a core proceeding, § 157(b)(3) dictates that a "determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

 This court has previously addressed the issue of whether a related case was also a core proceeding. *See Dean,* 191 B.R. at 468–69. The plaintiffs in *Dean* filed claims in state court alleging fraud and misrepresentation with regard to credit insurance and loans and had a pending bankruptcy petition. *Id.* at 465. In *Dean,* this court examined the factors applied in an earlier case in holding that there was not a core proceeding. *Id.* at 468. This court first noted that mere commonality of parties does not render as "core" an otherwise non-bankruptcy matter. *Id.* The instant case, however, even lacks commonality of parties since the Defendants are not creditors of the Plaintiffs.

The second factor looked to by this court involves the relationship of the civil case to the bankruptcy plan. The Defendants in the instant case contend that the because the

proceeds which the Plaintiffs may receive in the civil case have been pledged to the bankruptcy plan, the present action will determine the ultimate distributions made under the Plan and, therefore, that this action implicates the Bankruptcy Court's successful administration of the Plan. The Defendants also argue that this action will determine the amount of, and the rights to, the key assets to be distributed under the Plan since the insurance policy and possible damages to be awarded in this action are part of the Plaintiffs' prepetition property. The Defendants' further contend that this action is a core proceeding because it will affect the liquidation of the assets of the Plan and will determine the continuing validity of the Plan. In *Dean,* this court also found significant that the plaintiff's bankruptcy plan provided for full payment of the creditors without requiring that any proceeds from the civil suit be pledged to the plan. *Id.* at 469. In the instant case, however, the Plaintiffs' bankruptcy plan provides for only thirty percent payment. Furthermore, as the Defendants point out, any proceeds which the Plaintiffs might receive in the civil case have been pledged to the bankruptcy plan. Consequently, in this case, the second factor looked to in *Dean* weighs in favor of finding that the Plaintiffs' civil case is a core proceeding.

Another factor examined by this court in *Dean* was that the state law claim could be deemed a counterclaim under § 157(b)(2)(C). *Id.* In *Dean,* this factor weighed against a finding that there was a core proceeding. *Id.* The plaintiff's state law claims were brought against several defendants, only one of which was a creditor in the bankruptcy. *Id.* In the instant case, the Defendants are not creditors of the Plaintiffs, so this factor does not weigh in favor of a finding of a core proceeding.

Finally, in *Dean,* this court considered whether the plaintiff's state action fell within the "catch-all" provision of § 157(b)(2)(O). *Id.* In the instant case, the Defendants have argued that this provision applies because the present action will determine the claims of the Plaintiffs' largest creditor, so the action is a proceeding that affects the adjustment of the debtor-creditor relationship un-

der 28 U.S.C. § 157(b)(2)(O). The Eleventh Circuit has, however, limited the scope of the "catch-all" provision. *Id.* The Eleventh Circuit has held that although a tort claim has an effect on the debtor-creditor relationship, it does not affect the contracts that give rise to their relationship. *Community Bank of Homestead v. Boone (in re Boone)*, 52 F.3d 958 (11th Cir.1995). Consequently, this factor weighs against finding that the Plaintiffs' state law case is a core proceeding.

As was discussed above, this court has found that because any recovery made by the Plaintiffs on their state law claims will go to the bankruptcy estate, the state law case and bankruptcy cases are related. However, because this relationship is the only factor weighing in favor of a finding that the state law case is a core proceeding, it is not sufficient to also establish that the Plaintiffs' state law case is a core proceeding.

### 3. *Abstention*

▆ Although this court has jurisdiction over the claims in the instant case because the civil case is related to the Title 11 case, the Plaintiffs argue that this court should abstain from exercising jurisdiction and remand the case to state court. Before the court can address the merits of this argument, it must first be determined which factors are applicable in evaluating this Motion to Remand.

There is some confusion as to what statutory sections are applicable to a Motion to Remand when removal was based on the existence of a bankruptcy petition. Section 1334(c)(1) allows district courts to abstain from hearing proceedings "arising under title 11 or arising in or related to a case under title 11," when abstention is proper in the interest of justice, or in the interest of comity with State courts or respect for state law. Section 1334(c)(2), on the other hand, provides for mandatory abstention under certain circumstances. In addition to these statutory sections regarding abstention, there is also a provision for remand of claims related to bankruptcy cases in 28 U.S.C. § 1452, which states that the court may remand

> such claim or cause of action on any equitable ground. An order entered under

this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452.

The Plaintiffs in the instant case have invoked both of the statutory sections regarding abstention and the section regarding equitable remand. Some courts have applied the abstention doctrine to cases removed to the federal courts, but in doing so have ordered the cases remanded. *See, e.g., Su–Ra Enterprises, Inc. v. Barnett Bank of South Florida, N.A.*, 142 B.R. 502, 505–506 (S.D.Fla.1992); *Wedgewood Realty, Inc. v. Dinardo*, 115 B.R. 362, 364 (M.D.Fla.1989). Other courts have specifically stated that abstention is inapplicable to cases removed to the federal court, in that abstention contemplates the existence of two actions, and when a case has been removed, there is only one. *See e.g., Bleichner Bonta Martinez & Brown, Inc. v. National Bank of Georgia (In re Micro Mart)*, 72 B.R. 63 (Bankr.N.D.Ga. 1987); *Fedders North America, Inc. v. Branded Prods., Inc. (In re Branded Products)*, 154 B.R. 936, 939 (Bankr.W.D.Tex. 1993).

▆ Although it is unclear which statutory sections apply to a Motion for Remand, courts are in agreement that the factors applicable to all three statutory sections are relevant in determining whether the court should exercise jurisdiction. It has been explained that

> Sections 1452(b) [remand] and 1334(c) [abstention] of Title 28 of the United States Code are kindred statutes. Section 1452(b) favors comity and the resolution of state law questions by state courts, as does section 1334(c)(1).... Together, sections 1452(b) and 1334(c) strongly evince a congressional desire that, absent countervailing circumstance[s], the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the liti-

gation can be timely completed in state court. Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of 1334(c), likewise weigh in favor of or constrain remand under section 1452(c).

*St. Vincent's Hospital v. Norrell (In re Norrell )*, 198 B.R. 987, 997–98 (Bankr.N.D.Ala. 1996). *See also Cook v. Griffin*, 102 B.R. 875, 877 (N.D.Ga.1989). Therefore, a court deciding whether to remand a case which was removed on the basis of a bankruptcy petition may look to the factors relevant to all three statutory sections. This court will begin with the factors relevant to the statutory provisions regarding remand.

Those factors include

(1) forum non conveniens; (2) that the entire action should be tried in the same court; (3) the extent to which state law dominates; (4) whether a state court is better able to resolve questions of state law; (5) the existence of a right to a jury trial; (6) judicial economy; (7) comity; (8) prejudice to the involuntarily removed party; (9) the degree of relatedness of the action to the main bankruptcy case; (10) a lessened possibility of inconsistent results; and (11) the effect of bifurcating claims or parties.

*Traylor v. First Family Fin. Servs., Inc. (In re Traylor)*, 192 B.R. 255, 258 (M.D.Ala. 1995).

In the case before this court, there has been no argument made that a proceeding in the bankruptcy court would be inconvenient to the parties. As to the factor concerning the degree of relatedness between the civil action and the bankruptcy case, this factor does not weigh in favor of retaining jurisdiction because the relationship is too slight to constitute a core proceeding. Furthermore, it appears that equitable factors two, ten, and eleven are not relevant since the entire matter has been removed to federal court, so there would be no bifurcation and there is no reason to believe that an inconsistent result will be obtained if either a federal or state court decides the case.

Although factor three weighs in favor of remand since the claims are based solely on state law, under factor four, the state courts are not better equipped to decide the case because there are no difficult questions of state law. This court does, however, recognize that state courts routinely hear matters involving state law and therefore may be in the best position to provide a prompt resolution of those issues. *See In re Norrell*, 198 B.R. at 995.

Factors five and eight are related in this case because the nonremoving party will be prejudiced if denied the right to a jury trial. However, jury trials are permitted in bankruptcy courts if all parties consent. *See* 28 U.S.C. § 157(e). The Defendants have stated in their argument that if the motion to remand is unsuccessful, they will consent to a jury trial. Defendants' Response to Plaintiffs' Motion to Remand at page 10, n. 1. Only if there were no agreement to consent to a jury trial would these factors weigh in favor of remand. *See Roper v. American Health & Fire Ins. (In re Roper)*, 203 B.R. 326 (Bankr.N.D.Ala.1996) (recognizing prejudice to plaintiff who requested a jury trial when there was no agreement to consent to a jury trial).

The judicial economy factor has been determined to weigh against remand in situations where removal occurred before significant activity occurred at the state court level and where recoveries from the suit will again require federal jurisdiction to be invoked to administer new assets of the estate. *See Roper*, 203 B.R. at 338. In this case no discovery was conducted before removal. However, federal jurisdiction would not have to be re-invoked to the same extent that it would have in *Roper*. In that case, the court acknowledged that proceeds from the civil law suit might be applied to the bankruptcy plan, but there was no provision for such application within the plan. *Id.* at 336. In the instant case, a bankruptcy plan incorporating any proceeds from the civil suit has already been approved; therefore, the bankruptcy court will have fewer responsibilities should the Plaintiffs prevail in the civil case at the state level because the federal court will not have to decide whether or how to

apply the proceeds; its function will be more ministerial. It has previously been held that judicial economy is served when a state court decides the issue of liability and the federal court only has the ministerial task of administering the claim. *See In re Norrell,* 198 B.R. at 998.

■ The comity factor is best considered along with the mandatory abstention factors. *See Roper,* at 338. Section 1334(c)(2), requires federal courts to abstain when:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). The Plaintiffs assert that the factors relevant to § 1334(c)(2) mandatory abstention are present in their case. They have made a timely motion to remand. Additionally, their claims are based upon state law, with no federal cause of action, and do not arise under bankruptcy law. Furthermore, suit was originally filed in the Circuit Court of Houston County, Alabama, which is a State forum of appropriate jurisdiction. Mandatory abstention must be viewed in light of the "strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *In re Norrell,* 198 B.R. at 997. Consequently, the fact that the Plaintiffs' claims could qualify for mandatory abstention weighs heavily in favor of remand.

The Defendants have argued that equity favors retention of jurisdiction over the state law claims in federal court because the Plaintiffs have submitted themselves to the jurisdiction of the federal courts by filing for bankruptcy. However, the court must give some deference to the Plaintiffs' decision to litigate this state law action in state court. *See Burns,* 31 F.3d at 1095.

■ In addition to the equitable remand and mandatory abstention factors, there are also factors under § 1334(c)(1) to consider in determining whether discretionary abstention is appropriate. These factors include

(1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties.

*In re Norrell,* 198 B.R. at 994 (N.D.Ala.1996). Many of these factors have been discussed in relation to the factors regarding equitable remand. The court does find it significant, however, that one factor is the feasibility of severing the state law and bankruptcy matters and allowing the bankruptcy court to enforce the state law judgment. As has already been discussed, in this case, the state court can decide the issue of liability and, if there is any recovery, the bankruptcy court merely has to enforce the bankruptcy plan in accordance with that recovery. On balance, the court finds that the discretionary abstention factors also weigh in favor of remand.

Consequently, although this court has jurisdiction in this case, the court holds that for equitable reasons, the case is due to be remanded to the state court for disposition of

the state law claims.[2]

## V. *CONCLUSION*

For the reasons discussed, the Plaintiffs' Motion to Remand is GRANTED. A separate order will be entered in accordance with this Memorandum Opinion.

---

**2.** The Plaintiffs have requested that attorneys fees be awarded on the basis that the removal in this case was wrongful. The Defendants have argued that the Eleventh Circuit does not recognize the awarding of attorneys fees when the case was removed under 28 U.S.C. § 1447 rather than 28 U.S.C. § 1441. Because this court has held that jurisdiction existed in this court, but the court has decided to remand for equitable reasons, it is not necessary to decide whether attorneys fees are properly awarded when a case was wrongfully removed under the auspices of § 1447. The request for attorneys fees is DENIED.